UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ISSA E. NESHEIWAT,

                Plaintiff,

     - against -

THE CITY OF POUGHKEEPSIE, NEW YORK, CITY OF
POUGHKEEPSIE POLICE OFFICER OWEN O'CONNELL,
CITY OF POUGHKEEPSIE POLICE OFFICER JOHN
RAFAELLE, CITY OF POUGHKEEPSIE POLICE OFFICER
MATTHEW AUBE, CITY OF POUGHKEEPSIE POLICE
OFFICER PAUL ITALIANO, CITY OF POUGHKEEPSIE
POLICE OFFICER AARON WEISS, and CITY OF
POUGHKEEPSIDE POLICE OFFICER WILLIAMS,

                Defendants.

-------------------------------------------------------------------------x

**OPINION AND ORDER**
11-CV-7072 (ER)

<u>Appearances:</u>

Judith A. Waye
Greenwald Law Offices
Chester, New York
*Attorney for Plaintiff*

David L. Posner
McCabe & Mack LLP
Poughkeepsie, New York
*Attorney for Defendants*

<u>Ramos, D.J.:</u>

      Plaintiff Issa E. Nesheiwat ("Plaintiff" or "Nesheiwat") brings this civil rights action

pursuant to 42 U.S.C. § 1983 against Defendants The City of Poughkeepsie, New York (the

"City"), and various City of Poughkeepsie Police Department Officers in their individual and

official capacities (the "Officers," and collectively, the "Defendants"), alleging unlawful arrest

and excessive force pursuant to the Fourth and Fourteenth Amendments, and state law claims for

assault and battery and false imprisonment, and an additional claim against the City alleging

failure to train, supervise or discipline its police officers.  Second Amended Complaint ("SAC") ¶¶ 47-83.[1]  Plaintiff claims that as a result of Defendants' conduct, he suffered physical injuries, psychological injuries, and anxiety.  (SAC ¶¶ 42-43.)

Defendants move to dismiss Plaintiff's § 1983 due process claim and negligent failure to train, supervise or discipline claim pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff has, however, voluntarily dismissed his § 1983 due process claim.[2]  The only remaining claim that is subject to Defendants' motion to dismiss is therefore Plaintiff's Third Cause of Action for negligent failure to train, supervise or discipline.[3]  For the reasons discussed below, Defendants' motion to dismiss Plaintiff's Third Cause of Action is GRANTED.

## I. <u>Factual Background</u>

On or about November 7, 2010, Plaintiff and his cousins were lawful patrons of the Palace Diner (the "Diner"), located in Poughkeepsie, New York.  (SAC ¶ 23.)  As they exited the Diner, Plaintiff noticed several fights taking place in the parking lot.  (*Id.* ¶ 24.)  Plaintiff observed Deputy Sheriff Ryan Griffin ("Deputy Sheriff Griffin"), a uniformed member of the Dutchess County Sheriff's Department, get attacked and punched in the nose after attempting to break up a fight between two men.  (*Id.* ¶¶ 25-26.)  Plaintiff and his cousins went to the aid of Deputy Sheriff Griffin, and separated the attacker from Deputy Sheriff Griffin.  (*Id.* ¶ 27.)  A short time thereafter, while Plaintiff and his cousins were still tending to Deputy Sheriff Griffin,

---

[1] The Second Amended Complaint contains a reference to 42 U.S.C. § 1985 in the Introduction section, but does not plead a cause of action pursuant to § 1985. (SAC ¶ 1.)  Defendants move to dismiss the § 1985 claim, insofar as such a claim was alleged in the Second Amended Complaint. (Defs.' Mem. L. at 8-9.)  In his opposition papers, Plaintiff agreed to withdraw the reference to § 1985 found in Paragraph 1 of the Second Amended Complaint.  (Pl.'s Mem. L. at 2.)  Accordingly, the Court will not address Defendants' motion to dismiss the § 1985 claim.

[2] In his opposition papers, Plaintiff agreed to withdraw the due process violations alleged in Paragraphs 50 and 54 of the Second Amended Complaint.  (Pl.'s Mem. L. at 2.)

[3] Although Defendants move to dismiss Plaintiff's punitive damages claim as against the City, Plaintiff confirmed in his opposition papers that he is only seeking compensatory damages against the City.  (Pl.'s Mem L. at 2.)  Thus, to the extent that Defendants' motion seeks to dismiss Plaintiff's punitive damages claim against the City, it is moot.

several members of the City of Poughkeepsie Police Department ("Police Department"), including the Defendants, arrived at the scene. (*Id.* ¶¶ 28-29.) Plaintiff alleges that one officer began to act aggressively and irrationally by "pacing back and forth in the parking lot, pounding his fist into the palm of his other hand, and mumbling to himself." (*Id.* ¶ 30.) Plaintiff further alleges that this same officer began to make aggressive and confrontational statements to Plaintiff and his cousins, accusing them of being "tough guys" and being associated with the "Gotti crime family." (*Id.* ¶ 31.)

Plaintiff claims that when he was walking towards his car, multiple members of the Police Department, including the Defendants, as well as the officer who had appeared "aggressive" and "irrational" assaulted Plaintiff. (*Id.* ¶ 32.) Specifically, Plaintiff alleges that the Defendants kicked him, tasered him three times in the leg, beat him about the head, bent his back, arms, and legs in a manner which caused significant pain and injury, and otherwise used excessive force in order to unlawfully detain him. (*Id.* ¶ 33.) Plaintiff further alleges that some of the Defendants, while not directly involved in the assault, failed to intervene or prevent the assault. (*Id.* ¶ 34.) Plaintiff was then handcuffed and brought to the Police Department. (*Id.* ¶ 35.) Plaintiff alleges that while he was being processed and kept in a holding cell, he requested a drink of water on numerous occasions, and also requested to speak with his attorney. (*Id.* ¶¶ 39-40.) Plaintiff claims that his requests for water and use of a telephone were "repeatedly denied" by members of the Police Department. (*Id.* ¶ 41.)

## II. <u>Legal Standard for a Motion to Dismiss</u>

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor. *Famous Horse Inc. v. 5th Ave. Photo Inc.,* 624 F.3d 106, 108 (2d Cir.

2010).  However, this requirement does not apply to legal conclusions, bare assertions or conclusory allegations.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 681 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In order to satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Accordingly, a plaintiff is required to support its claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Though a plaintiff may plead facts alleged upon information and belief "where the belief is based on factual information that makes the inference of culpability plausible," *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010), such allegations must be "'accompanied by a statement of the facts upon which the belief is founded.'"  *Prince v. Madison Square Garden,* 427 F. Supp. 2d 372, 385 (S.D.N.Y. 2006) (citation omitted); *see also Williams v. Calderoni*, No. 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) (finding pleadings based upon information and belief insufficient where plaintiff pointed to no information that would render his statements anything more than speculative claims or conclusory assertions).  A complaint that "tenders naked assertions devoid of further factual enhancement" will not survive a motion to dismiss under Rule 12(b)(6).  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks and brackets omitted).

### III. Negligent Failure to Train, Supervise, or Discipline Pursuant to New York State Law

Plaintiff alleges that, at all relevant times, the Defendants were acting within the scope of their employment as officers of the City.  (SAC ¶¶ 21-22.)  Under New York law, an employer may generally be liable for an employee's negligence where the employee is acting within the scope of his or her employment under a theory of *respondeat superior*, however, no claim may proceed against the employer for negligent hiring, retention, supervision or training.  *LaFontaine v. City of New York*, No. 08 Civ. 1555 (SHS), 2009 WL 3335362, at *12 (S.D.N.Y. Oct. 14, 2009) (citing *Talavera v. Arbit*, 18 A.D.3d 738, 738 (2d Dep't 2005)).  Thus, even accepting Plaintiff's allegations as true, Plaintiff cannot state a claim for negligent failure to train, supervise or discipline under New York law.  Although an exception to the general principle exists where the plaintiff is seeking punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee, that exception is inapplicable here, as Plaintiff seeks only compensatory damages from the City and does not allege gross negligence.  *Karoon v. New York City Transit Auth.*, 241 A.D.2d 323, 324 (1st Dep't 1997).

#### A. Municipal Liability Pursuant to 42 U.S.C. § 1983

Although Plaintiff alleges negligence on the part of the City pursuant to New York common law, Plaintiff suggests in his opposition papers that the City may also be held liable under 42 U.S.C. § 1983 for its alleged failure to train its police force.  (Pl.'s Mem. L. at 9.)  Plaintiff may not amend his Second Amended Complaint through legal arguments raised for the first time in his opposition papers.  *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999).  Thus, because Plaintiff failed to plead a constitutional claim against the City, the Court need not consider any such claim.  The Court notes, however, that even if Plaintiff had properly pled a claim for municipal liability pursuant to

§ 1983 for the City's alleged failure to properly train its police force, the allegations contained in the Second Amended Complaint fail to satisfy the standard for § 1983 claims against municipalities.

As Plaintiff concedes, a municipality cannot be held liable under § 1983 for the acts of its employees solely on a theory of *respondent superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also* Pl.'s Mem. L. at 9. A § 1983 claim against a municipality can only be sustained if the action that is alleged to be unconstitutional was the result of an official policy or custom. *Id.* at 690-94. Thus, a plaintiff must allege that such a municipal policy or custom is responsible for his or her injury. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997), *reh'g denied*, 520 U.S. 1283 (1997); *see also Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell*, 436 U.S. at 692).

The Second Circuit has established a two prong test for § 1983 claims brought against a municipality. First, the plaintiff must prove "'the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving [official].'" *Johnson v. City of New York*, No. 06 Civ. 09426 (GBD), 2011 WL 666161, at *3 (S.D.N.Y. Feb. 15, 2011) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)). Second, the plaintiff must establish a causal connection between the policy or custom and the alleged deprivation of his constitutional rights. *Id.*

To satisfy the first prong of the test on a motion to dismiss, a plaintiff must allege the existence of:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policy-making officials, or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (internal citations and quotation marks omitted); *see also Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (quoting *Moray* and updating citations to cases).

Here, Plaintiff offers only "conclusory allegations" based upon "information and belief" in support of his apparent § 1983 claim against the City, and he therefore fails to satisfy the first prong of the municipal liability test. First, although Plaintiff alleges that "a pattern of persistent violations of the sort alleged [in the Second Amended Complaint] existed in and among members of the Police Department and among the named Defendants in particular," (SAC ¶ 69), Plaintiff fails to substantiate this allegation with any facts that, if accepted as true, would indicate the existence of "a practice so persistent and widespread that it constitutes a custom or usage." Plaintiff further asserts that the City's failure to train and/or discipline the Defendants caused the constitutional violations alleged by Plaintiff. (*Id.* ¶¶ 68, 70-73.) Plaintiff similarly fails to substantiate this allegation with sufficient facts about his or others' experiences that suggests the existence of a failure to train or supervise to such an extent that it amounts to deliberate indifference to the rights of the general public.

Nor does Plaintiff satisfy the other possible bases for *Monell* liability. Plaintiff fails to allege that any of the individual Defendants have policymaking authority. Only municipal officials who have "final policymaking authority" with respect to the activities that allegedly

violated a plaintiff's constitutional rights "may by their actions subject the government to § 1983 liability." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988) (plurality opinion) (citation omitted); *see also Birmingham v. Ogden*, 70 F. Supp. 2d 353, 374 (S.D.N.Y. 1999) ("[T]he decisionmaker must be responsible for establishing *final government policy* respecting the particular activity [giving rise to Plaintiff's claims] before the municipality can be liable.") (citing *Pembaur v. City of Cincinnati*, 475 U.S. 479, 481 (1986)).  Plaintiff does not allege that *any* of the Defendants are final policymakers for the City, nor does the Second Amended Complaint contain any factual allegations from which such authority could be inferred.

Finally, Plaintiff does not allege the existence of any formally recognized policy or rule adopted by the City.  Therefore, Plaintiff has failed to satisfy the first prong of the municipal liability test.  Thus, even if Plaintiff had adequately pled a § 1983 claim against the City, which he did not, dismissal would be required.

## IV. **Plaintiff's Request to File an Amended Complaint**

In his opposition papers, and without having previously received leave from this Court, Plaintiff requests that the Court "grant leave to amend [the § 1983 claim against the City] in accordance with Rule 15(a)(2) which authorizes the liberal amendment of pleadings when justice so requires."  (Pl.'s Mem. L. at 9.)  As the Court previously noted, Plaintiff failed to plead a § 1983 claim against the City.  Plaintiff therefore requests leave to add a new cause of action, rather than to amend or clarify an already existing claim.

As a general rule, leave to amend a complaint should be freely granted.  *Jin v. Metro. Life Ins. Co.,* 310 F.3d 84, 101 (2d Cir. 2002).  District courts have broad discretion in deciding whether to grant leave to amend.  *Pasternack v. Laboratory Corp. of Am.*, No. 10 Civ. 4426 (PGG), 2012 WL 3871348, at *7 (S.D.N.Y. Sept. 6, 2012).  However, where the amendment

would be futile or would result in undue prejudice to the opposing party, denying leave to amend is proper. *Id.*

An amendment is considered futile where the plaintiff is unable to demonstrate that he would be able to cure the defects in a manner that would survive a motion to dismiss. *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53-54 (2d Cir. 1999). Here, Plaintiff has already amended his complaint twice, and failed to add a § 1983 claim against the City both times. Moreover, Plaintiff has not attached a Proposed Third Amended Complaint to his opposition papers, nor has he indicated how he would cure its pleading deficiencies. Thus, as noted by Defendants, the Court may properly deny Plaintiff's leave to amend, as Plaintiff has failed to show how he might amend the Second Amended Complaint to cure its pleading deficiencies. *See Campo v. Sears Holdings Corp.*, 371 Fed. App'x 212, 218 (2d Cir. 2010) ("[I]n light of plaintiffs' failure to provide a specific explanation of the manner in which they propose to cure the defects in their complaint, we reject the claim that the district court erred in not granting leave to amend.")*; Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999) (upholding a district court's denial of leave to amend in part because plaintiffs failed to show how they might amend the complaint to cure the deficiencies in the pleadings, "especially in light of the insufficiency of facts to support a claim"). Accordingly, Plaintiff's request for leave to amend is DENIED.

## V. Conclusion

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's Third Cause of Action for negligent failure to train, supervise or discipline is GRANTED. Plaintiff's request for leave to amend the Complaint is DENIED. As Plaintiff has voluntarily dismissed his § 1983 due process claim, the only claims that remain in this case are Plaintiff's claims for unlawful arrest and excessive force pursuant to the Fourth and Fourteenth Amendments, assault and battery, and

false imprisonment. The Clerk of the Court is respectfully directed to terminate the motion

(Doc. 28.)

The parties are to appear for the pre-trial conference that was previously scheduled by the

Court on March 22, 2013, at 10:15 a.m.

It is SO ORDERED.

Dated:    February 13, 2013
          White Plains, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.